United States Courts
Southern District of Texas
FILED

JUL 2 1 2025

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| TAMARA SHERMAN, | § | |
| Plaintiff, | § | |
| v. | § | |
| SPRING OAKS CAPITAL LLC | § | Civil Action No. 4:25-CV-03327 |
| SPRING OAKS CAPITAL SPV LLC | § | |
| Defendants, | § | |
| | § | |
| | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT[1]

## NATURE OF THE ACTION

1. This is an action for actual, statutory, treble, and punitive damages, injunctive and equitable relief, and attorney's fees and costs, brought by Plaintiff Tamara Sherman against Defendants Spring Oaks Capital, LLC and Spring Oaks Capital SPV, LLC for violations of the Fair Credit Reporting Act ("FCRA"), *15 U.S.C. §§ 1681b, 1681c-2, 1681g(e), 1681n, 1681o, 1681s-2(a), and 1681s-2(b);* the Fair Debt Collection Practices Act ("FDCPA"), *15 U.S.C. §§ 1692e(2)(A), 1692e(8), 1692g(a), and 1692g(b);* the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code §§ *392.202, 392.304(a)(8), and 392.304(a)(19);* the Texas Theft Liability Act

---

[1] This First Amended Complaint corrects the illegible 4th paragraph in the original pleading filed on July 17, 2025.

("TTLA"), Tex. Civ. Prac. & Rem. Code § *134.001* et seq.; the *Texas Identity Theft Enforcement and Protection Act, Tex. Bus. & Com. Code §§ 521.051* and *521.101*; and Texas common law fraud, as well as predicate acts of wire fraud in violation of *18 U.S.C. § 1343* and a civil RICO claim under *18 U.S.C. § 1964(c)*.

2.     Defendants unlawfully accessed Plaintiff's consumer credit report without a permissible purpose, falsely placed derogatory information on Plaintiff's credit reports with TransUnion and Equifax, and continued to collect and report on an alleged debt they did not own or have the legal right to enforce.

3.     Defendants' repeated violations of federal and Texas law, including their unauthorized access to Plaintiff's credit file, failure to validate the alleged debt, fraudulent misrepresentations, and identity theft, caused Plaintiff substantial actual damages, reputational harm, emotional distress, financial losses, and ongoing injury over a period of no less than 1,456 days.

4.     Plaintiff seeks actual damages, statutory damages, treble damages, punitive damages, attorney's fees and costs, injunctive relief, equitable relief, and the appointment of an independent, court-approved compliance monitor to oversee Defendants' operations and ensure compliance with federal and state law.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over this action pursuant to *28 U.S.C. § 1331* because this action arises under the laws of the United States, including the Fair Credit Reporting Act and the Fair Debt Collection Practices Act.

6.     This Court has supplemental jurisdiction over Plaintiff's related state law claims, including claims under the Texas Debt Collection Act and the Texas Theft Liability Act, pursuant

to *28 U.S.C. § 1367(a)* because the state law claims form part of the same case or controversy under Article III of the United States Constitution.

7.  Venue is proper in this Court pursuant to *28 U.S.C. § 1391(b)* because a substantial part of the events or omissions giving rise to the claims occurred within this judicial district and division.

8.  Jurisdiction is also proper as Plaintiff resides and works in Houston, Harris County, Texas, within the Southern District of Texas, Houston Division.

9.  Defendant Spring Oaks Capital, LLC is a foreign limited liability company organized under the laws of the State of Delaware, with its principal place of business located at 1400 Crossways Boulevard, Suite 100B, Chesapeake, Virginia, 23320 and conducts substantial business within Texas see *Tex. Civ. Prac. & Rem. Code § 17.042.*

10.  Defendant Spring Oaks Capital SPV, LLC is a foreign limited liability company organized under the laws of the State of Delaware, with its principal place of business located at 1400 Crossways Boulevard, Suite 100B, Chesapeake, Virginia, 23320 and conducts substantial business within Texas as a special purpose vehicle for the purchase and management of consumer debt.see *Tex. Civ. Prac. & Rem. Code § 17.042.*

## PARTIES

11.  Plaintiff Tamara Sherman is a natural person and a resident of Houston, Texas. Plaintiff is a "consumer" as defined by the Fair Credit Reporting Act, *15 U.S.C. § 1681a(c)*, and the Fair Debt Collection Practices Act, *15 U.S.C. § 1692a(3)*.

12. Defendant Spring Oaks Capital, LLC ("SOC") is a limited liability company organized under the laws of the State of Delaware, engaged in consumer debt collection and reporting activities within the State of Texas.

13. Defendant Spring Oaks Capital SPV, LLC ("SOC SPV") is a limited liability company organized under the laws of the State of Delaware engaged in purchasing and managing consumer debt portfolios and related reporting and collection activities within the State of Texas.

14. Defendants Spring Oaks Capital SPV, LLC  and Spring Oaks Capital, LLC, despite being separate legal entities are essentially one in the same and may be served with process through their registered agent/agents, listed on file with their respective foreign entity registrations with the Texas Secretary of State,  as Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, located at 211 E. 7th Street, Suite 620, Austin, Texas 78701 USA.

## FACTUAL ALLEGATIONS

15. On or about July 21, 2021, Defendants came into ownership/possession of information related to an Indigo Mastercard credit card account the Plaintiff opened for personal and household purposes that was charged off in 2019 by the original creditor Genesis FS Card Services.

16. On or about July 21, 2021, the Defendants, without Plaintiff's consent, accessed Plaintiff's consumer credit reports maintained by TransUnion and Equifax.

17. On or about July 21, 2021, the Defendants placed a derogatory tradeline on Plaintiff's credit reports, falsely indicating that Plaintiff owed debts to Defendants.

18. On or about July 23, 2021 the Defendants reported the debt to TransUnion as a Loan Type: Factoring Company Account, Open, with a pay status of collection with continuing current and past due balances of, $719.00 as well as remarks stating, "Account information disputed by consumer (FCRA);>Placed for collection<" despite having no legal basis, proof of ownership, or proper assignment of the debts.

19. On or about July 21, 2021, the Defendants reported the debt to Equifax as an Open account collection with continuing current balance of $719.00, as well as remarks stating, "Consumer disputes this account information, Collection account" despite having no legal basis, proof of ownership, or proper assignment of the debts.

20. Plaintiff never entered into any transaction, credit agreement, or contractual relationship with either Defendant.

21. Plaintiff began taking a more vigilant approach to her personal credit following a major medical crisis in March 2023, as she intended to start a business and needed clean credit to secure financing. In or around March 2023, Plaintiff first became aware of a derogatory tradeline furnished by Defendants. Around that same time, Plaintiff began receiving repeated communications from Defendants via email, text message, and VoIP autodialed calls. In May 2023, Plaintiff verbally informed Defendant Spring Oaks Capital, LLC that they were not to contact her further unless and until they provided a full debt validation packet via certified mail, as required by law. During that call, Plaintiff also informed Defendants that the alleged debt was time-barred under Texas law, as the account was charged off by the original creditor in 2019 and the date of first delinquency was April 2019. Plaintiff contacted Defendants by phone at least three additional times in 2023 and 2024 after failing to receive the requested validation materials. During one call, a Spring Oaks Capital representative told Plaintiff that she had "disputed the

account 11 times" and claimed that debt validation materials had been emailed to her — despite Plaintiff's clear instruction to send validation by certified mail. After gaining additional consumer rights education, Plaintiff submitted written debt validation requests via certified mail to Defendants on or about March 9, 2025; March 19, 2025; and April 19, 2025. In those letters, Plaintiff specifically demanded that Defendants produce documentation establishing legal ownership of the debt — including full chain of custody documentation — as required under federal and Texas law. On or about April 9, 2025, Defendants mailed Plaintiff a response letter falsely claiming they had conducted an investigation and determined the account belonged to her. The only documentation included with the letter were two generic credit card statements from May 2019 and November 2019, both generated by the original creditor, Genesis FS Card Services. These statements did not demonstrate that Defendants lawfully purchased or owned the debt. Specifically, Defendants failed to produce a Forward Flow Agreement, a Chain of Assignment, a Purchase Agreement, an Insurance Claim of Debt, or any document bearing Plaintiff's signature agreeing to pay the alleged obligation. The absence of such documentation confirms that no reasonable investigation was conducted and that Defendants lacked any lawful basis to continue furnishing the tradeline or attempting collection.

22.     Defendants engaged in "debt parking" by furnishing the alleged debts to the credit reporting agencies without prior notification to Plaintiff, intending to impair Plaintiff's credit to pressure payment.

23.     The illegal tradeline has remained on Plaintiff's TransUnion and Equifax reports continuously for more than 1,456 days from July 21, 2021, through July 17, 2025, and still remains such as of the date of this filing.

24. Defendants continued reporting despite knowing or having reason to know the information was inaccurate, incomplete, and not validated.

25. As a direct and proximate result of Defendants' continued unlawful reporting and false tradeline, Plaintiff has suffered significant harm to her credit reputation and standing in the community. Specifically, Plaintiff has been denied access to business credit, preventing her from pursuing entrepreneurial opportunities. Plaintiff has also been forced to accept automobile financing at excessive interest rates of approximately 12% and 14%, respectively, well above market rates for prime borrowers, solely because of the derogatory and misleading tradeline placed and maintained by Defendants. This ongoing reputational injury has caused Plaintiff measurable economic losses, embarrassment, and an inability to fully participate in financial and business opportunities.

26. Defendants' misconduct was knowing, willful, malicious, and part of a broader pattern of unlawful and deceptive practices.

## PATTERN AND PRACTICE OF UNLAWFUL CONDUCT BY DEFENDANTS

27. Defendants Spring Oaks Capital, LLC and Spring Oaks Capital SPV, LLC have engaged in a nationwide pattern and practice of violating federal and state consumer protection laws, including but not limited to the Fair Credit Reporting Act ("FCRA"), the Fair Debt Collection Practices Act ("FDCPA"), the Texas Debt Collection Act ("TDCA"), the Texas Theft Liability Act ("TTLA"), and federal and state identity theft statutes, as evidenced by their extensive litigation history in federal courts across the United States.

28. In the past five years alone, Defendants have been named as defendants in at least fifty-

eight (58) federal lawsuits (see Exhibit A), spanning jurisdictions including Alabama, California, Texas, Georgia, Illinois, Minnesota, New Jersey, Pennsylvania, Florida, and Virginia, among others.

29. These lawsuits commonly allege that Defendants have:

a. Furnished false, inaccurate, incomplete, and/or outdated information to consumer reporting agencies in violation of the FCRA, *15 U.S.C. §§ 1681b, 1681c(a)(4), 1681s-2(a), and 1681s-2(b)*;

b. Failed to conduct reasonable investigations or correct disputed tradelines after receiving notice, in violation of the FCRA and TDCA;

c. Misrepresented the legal status or ownership of consumer debts in violation of the FDCPA, *15 U.S.C. §§ 1692e(2)(A) and 1692e(8), and the TDCA, Tex. Fin. Code §§ 392.304(a)(8) and (a)(19)*;

d. Attempted to collect on debts they had no legal right to enforce, that were time-barred or otherwise invalid, in violation of the FDCPA, TDCA, and TTLA;

e. Engaged in "debt parking," re-aging of accounts, and other unlawful practices designed to impair consumer credit standing and pressure payments, in violation of the FCRA, FDCPA, and TDCA;

f. Engaged in acts constituting identity theft and fraudulent use of consumer information in violation of *15 U.S.C. §§ 1681c-2, 1681g(e), Tex. Bus. & Com. Code §§ 521.051 and 521.101, and Tex. Civ. Prac. & Rem. Code § 134.001* et seq.

30. Many of these cases have resulted in settlements or dismissals following the filing of complaints, suggesting a deliberate business strategy by Defendants to resolve claims quietly without implementing meaningful reforms. The breadth, volume, and repetition of these lawsuits

demonstrate that the conduct alleged in this case is not an isolated incident, but part of an institutionalized, systemic business model that disregards consumers' rights and statutory protections.

31. This pattern and practice of misconduct by Defendants supports Plaintiff's claims for willful and malicious violations, justifies the imposition of statutory, punitive, and treble damages, and warrants injunctive and equitable relief, including the appointment of an independent, court-approved compliance monitor to oversee Defendants' operations and ensure compliance with federal and state law. Plaintiff incorporates by reference the detailed litigation chart attached as Exhibit A, and requests that the Court take judicial notice of Defendants' pervasive pattern of statutory noncompliance and fraudulent conduct as further evidence of willfulness and systemic misconduct.

## CAUSES OF ACTION

## COUNT I

**Fair Credit Reporting Act – Lack of Permissible Purpose**

**15 U.S.C. § 1681b and 15 U.S.C. § 1681n/o**

32. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully stated herein.

33. The Fair Credit Reporting Act ("FCRA"), *15 U.S.C. § 1681b,* restricts access to a consumer's credit report to specific, permissible purposes. Defendants, acting jointly and severally, accessed Plaintiff's consumer credit report without a permissible purpose on or about July 21, 2021. Plaintiff did not apply for credit, employment, insurance, or initiate any business transaction with Defendants that would justify accessing her consumer report. Defendants' access to Plaintiff's consumer report without a permissible purpose constitutes willful and/or

negligent violations of *15 U.S.C. § 1681b*, actionable under *15 U.S.C. § 1681n and/or § 1681o.*

34.     As a direct and proximate result of Defendants' unlawful access, Plaintiff has suffered actual damages, including but not limited to emotional distress, invasion of privacy, and the diminishment of creditworthiness.

35.     Plaintiff is entitled to statutory damages, actual damages, punitive damages, and attorney's fees and costs.

<u>**COUNT II**</u>

**Violation of the Fair Debt Collection Practices Act – Failure to Validate Debt and Misrepresentation of Authority *15 U.S.C. §§ 1692g and 1692e***

36.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully stated herein.

37.     The Fair Debt Collection Practices Act ("FDCPA") requires debt collectors, within five (5) days of their initial communication with a consumer, to provide a written notice containing the amount of the debt, the name of the creditor to whom the debt is owed, and a statement of the consumer's rights to dispute the debt and request validation. *15 U.S.C. § 1692g(a).*

38.     Upon receiving a timely written dispute from a consumer, the FDCPA further requires the debt collector to cease collection activities until they obtain and mail the consumer verification of the debt, or a copy of a judgment, and the name and address of the original creditor. *15 U.S.C. § 1692g(b).*

39.     Plaintiff timely disputed the alleged debt in writing and requested that Defendants provide validation, including, but not limited to verification of the alleged debt amount;

40. Proof of the Defendants' legal right to collect the debt i.e., the chain of custody documentation including but not limited to the forward flow agreement, chain of assignment, purchase agreement, insurance claim of debt, and documentation with the original wet signature agreeing to pay.

41. Defendants failed to provide proper validation. Specifically, Defendants failed to provide any documentation verifying the existence, amount, or enforceability of the alleged debt, and failed to produce any forward flow agreement, chain of assignment, purchase agreement, insurance claim of debt, and documentation with the original wet signature agreeing to pay or other evidence establishing Defendants' legal standing to collect.

42. Despite Plaintiff's repeated disputes, Defendants continued collection efforts without providing the required validation and without proper proof of ownership of the alleged debt. Defendants' actions constitute violations of *15 U.S.C. § 1692g(b)* failure to validate the debt, and *15 U.S.C. § 1692e(2)(A)* false representation of the character, amount, or legal status of a debt.

43. Defendants' conduct was deceptive, misleading, unfair, and unlawful, causing Plaintiff to suffer actual damages, including but not limited to emotional distress, invasion of privacy, and unnecessary expenditures of time and resources in attempting to defend against Defendants' improper and unsupported collection efforts.

44. Plaintiff is entitled to statutory damages under *15 U.S.C. § 1692k(a)(2)(A)* up to $1,000 per violation, actual damages, and reasonable attorney's fees and costs.

## COUNT III

## Common Law Fraud – False Representation of Debt Ownership & Predicate Acts of Wire Fraud under 18 U.S.C. §1343

45.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully stated herein.

46.     Defendants knowingly and intentionally made materially false representations to Plaintiff regarding the existence, ownership, and enforceability of an alleged consumer debt. Specifically, Defendants falsely represented that they had legal rights to collect on the alleged debt, despite lacking any valid chain of title, assignment agreement, bill of sale, or other documentation evidencing ownership or authority to collect.

47.     The representations made by Defendants were false when made, and Defendants knew or should have known that they had no lawful basis or standing to collect the alleged debt.

48.     Defendants intended for Plaintiff to rely on these false representations to her detriment, inducing Plaintiff to pay, or to take actions against her own financial interests, such as attempting to settle a debt that Defendants had no legal right to collect.

49.     Plaintiff justifiably relied upon Defendants' false and misleading representations.

50.     As a direct and proximate result of Defendants' fraudulent conduct, Plaintiff suffered actual damages, including but not limited to emotional distress, financial loss, reputational harm, and unnecessary expenditures of time and resources.

51. These interstate wire transmissions constitute predicate acts of wire fraud, which also form the basis of the pattern of racketeering activity alleged in Count X (Civil RICO), incorporated herein by reference.

52. Defendants used interstate wire communications—specifically, internet-based credit reporting systems and automated data furnishing protocols—to transmit this false information across state lines with the intent to deceive Plaintiff, damage her credit standing, and pressure her into paying a debt that Defendants had no lawful right to collect.

53. In total, Defendants committed ninety-eight (98) distinct acts of wire fraud in violation of *18 U.S.C. § 1343* — consisting of forty-nine (49) monthly electronic transmissions of false credit reporting data to TransUnion and forty-nine (49) monthly electronic transmissions of false credit reporting data to Equifax, spanning from July 2021 through July 2025. Each transmission constitutes a separate and independent use of interstate wire communications to disseminate materially false and misleading information about Plaintiff's credit, with the intent to deceive Plaintiff, damage her credit standing, and coerce her into paying a debt that Defendants had no lawful right to collect.

54. These transmissions contained materially false information, including but not limited to falsely reporting that the debt existed, that it was charged off, that a balance remained due, and failing to note the debt as disputed—despite Defendants' actual knowledge that the account was unverifiable and legally unenforceable.

55. Defendants' conduct was willful, malicious, wanton, and oppressive, entitling Plaintiff to an award of punitive damages to punish and deter Defendants and other similarly situated debt collectors from engaging in similar fraudulent conduct.

56. Plaintiff is entitled to actual damages, punitive damages, and any other relief the Court deems just and proper.

## COUNT IV

**Identity Theft and Fraudulent Use of Consumer Information Violation of *15 U.S.C. §
1681g(e), 1681c-2***

57. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully stated herein.

58. The Fair Credit Reporting Act ("FCRA") and applicable state laws prohibit the unauthorized use of a consumer's personal identifying information and the placement of false information on a consumer's credit report.

59. Defendants, without Plaintiff's knowledge or consent, impermissibly accessed Plaintiff's consumer credit reports.

60. Defendants falsely inserted, or caused to be inserted, derogatory and inaccurate account information on Plaintiff's consumer credit files, including, but not limited to, falsely reporting an account balance, payment history, account status, or the existence of a debt that Defendants had no lawful right to collect.

61. Plaintiff never had a business relationship with either Defendant that would authorize access to her consumer report, nor did Plaintiff authorize Defendants to use her identifying information or to furnish information to any consumer reporting agency.

62. Defendants' unauthorized use of Plaintiff's personal identifying information and submission of false tradeline data constitute violations of:

*15 U.S.C. § 1681g(e)* (duty to protect consumers from identity theft);

*15 U.S.C. § 1681c-2* (duty to block information resulting from identity theft);

63.     and relevant state identity theft and consumer protection laws.

Defendants' conduct constitutes identity theft, fraud, and misuse of Plaintiff's personal

information for the unlawful purpose of debt collection and financial gain.

64.     As a direct and proximate result of Defendants' unauthorized and fraudulent actions,

Plaintiff suffered damages including, but not limited to, emotional distress, reputational harm,

loss of creditworthiness, denial of credit opportunities, and unnecessary expenditures of time and

money.

65.     Plaintiff is entitled to actual damages, statutory damages, punitive damages, and

attorney's fees under *15 U.S.C. §§ 1681n and 1681o*, as well as further relief under applicable

state identity theft statutes.

## COUNT V

**Identity Theft and Violation of the Texas Theft Liability Act *Tex. Civ. Prac. & Rem. Code §***
***134.001 et seq.***

66.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully
stated herein.

67.     Plaintiff is a "person" entitled to protection under the Texas Theft Liability Act ("TTLA"),
*Tex. Civ. Prac. & Rem. Code § 134.002(2).*

68.     Defendants, without Plaintiff's effective consent, knowingly and intentionally used

Plaintiff's personal identifying information — including her name, Social Security number, and

credit file — with the intent to obtain a benefit, namely, financial compensation or leverage in unlawful debt collection.

69. Defendants misused Plaintiff's identifying information by:

70. Impermissibly accessing Plaintiff's consumer credit reports, Placing false information about a debt on the Plaintiff's credit reports, Misrepresenting their legal right to collect a debt they did not own.

71. Such conduct constitutes identity theft and the unlawful appropriation of identifying information under *Tex. Bus. & Com. Code § 521.051 and 521.101.*

72. Defendants' use of Plaintiff's personal identifying information without lawful authorization, and for their own pecuniary benefit, constitutes "theft" under *Tex. Penal Code § 31.03* and is actionable under the TTLA.

73. Defendants' actions were knowing, willful, intentional, and malicious.

74. As a direct and proximate result of Defendants' misconduct, Plaintiff suffered actual damages, including but not limited to emotional distress, damage to reputation, loss of credit opportunities, increased costs of credit, and unnecessary expenditures of time and money.

75. Pursuant to *Tex. Civ. Prac. & Rem. Code § 134.005(a)*, Plaintiff is entitled to:

Actual damages, Court costs and reasonable attorney's fees, and, because Defendants' conduct was committed knowingly and intentionally, treble damages equal to three times the amount of actual damages under *Tex. Civ. Prac. & Rem. Code § 134.005(b).*

## COUNT VI

**Violation of the Texas Debt Collection Act – Failure to Validate Debt and Misrepresentation of Debt Ownership *Tex. Fin. Code § 392.202 and 392.304***

76.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully stated herein.

77.     Plaintiff is a "consumer" as defined under *Tex. Fin. Code § 392.001(1)*.

78.     Defendants are each a "debt collector" as defined under T*ex. Fin. Code § 392.001(6)*, as they regularly collect or attempt to collect consumer debts, including within the State of Texas.

79.     Pursuant to *Tex. Fin. Code § 392.202*, Plaintiff timely submitted a written dispute to Defendants requesting verification and validation of the alleged debt, including proof of ownership and legal authority to collect.

80.     Defendants failed to provide Plaintiff with the requested validation, failed to cease collection activities, and failed to provide competent evidence demonstrating ownership or the right to enforce the alleged debt.

81.     Despite receiving Plaintiff's written dispute, Defendants continued collection efforts, including but not limited to continued reporting,  against Plaintiff without providing the statutorily required validation, in violation of *Tex. Fin. Code § 392.202(b)*.

82.     Further, by attempting to collect a debt without proof of ownership or assignment, Defendants made fraudulent, deceptive, and misleading representations in violation of T*ex. Fin. Code:§ 392.304(a)(8)*: by misrepresenting the character, extent, or amount of a consumer debt;

and *Tex. Fin. Code § 392.304(a)(19)*: by using false representations or deceptive means to collect a debt.

83.     As a direct and proximate result of Defendants' violations of the Texas Debt Collection Act, Plaintiff suffered actual damages, including emotional distress, reputational harm, and out-of-pocket expenses.

84.     Plaintiff is entitled to actual damages, injunctive relief, attorney's fees and costs under Tex. Fin. Code § *392.403*, and any additional relief this Court deems appropriate.

<u>**COUNT VII**</u>

**Illegal Debt Parking**

**Violation of the FCRA, FDCPA, and Texas Debt Collection Act**

**15 U.S.C. § 1681s-2(a); 15 U.S.C. § 1692e(8); Tex. Fin. Code §§ 392.304(a)(8), (a)(19)**

85.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully stated herein.

86.     Defendants engaged in the practice of "debt parking" by furnishing false, inaccurate, and incomplete information regarding an alleged consumer debt to TransUnion and Equifax without first communicating with Plaintiff or providing her an opportunity to dispute it.

87.     Defendants knowingly and willfully placed the alleged debt onto Plaintiff's credit reports with the intent to impair her credit standing and coerce payment.

Defendants' conduct was deceptive, misleading, unfair, and in violation of *15 U.S.C. § 1681s-2(a), 15 U.S.C. § 1692e(8), and Tex. Fin. Code §§ 392.304(a)(8) and (a)(19)*.

Plaintiff suffered actual damages as a result of Defendants' unlawful debt parking, including emotional distress, loss of credit opportunities, increased cost of credit, and reputational harm.

88. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, and attorney's fees and costs.

## COUNT VIII

**Failure to Correct Inaccurate Reporting After Disputes**

**Violation of 15 U.S.C. § 1681s-2(b)**

89. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully stated herein.

90. Plaintiff timely disputed the accuracy of the alleged debt directly with Defendants and with TransUnion and Equifax.

91. Upon receipt of Plaintiff's disputes, Defendants were obligated under *15 U.S.C. § 1681s-2(b)* to conduct a reasonable investigation, correct any inaccurate information, and cease reporting unverifiable or false tradeline information.

92. Defendants failed to conduct a reasonable investigation and continued to furnish inaccurate tradeline data after receiving Plaintiff's disputes.

93. Defendants' failure to correct the inaccurate information after receiving disputes was willful and/or negligent. The specific ongoing monthly damages caused by Defendants' failure to correct the inaccurate information after receiving Plaintiff's disputes are detailed and sought in Counts XI and XII, which are expressly incorporated herein by reference to avoid duplication. Plaintiff is entitled to statutory damages, actual damages, punitive damages, and attorney's fees and costs.

<u>**Count X**</u>

**Civil RICO – Pattern of Racketeering Activity Under 18 U.S.C. § 1962(c)**

94.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully stated herein, including without limitation the predicate acts of wire fraud detailed in Count III above.

95.     Defendants Spring Oaks Capital, LLC and Spring Oaks Capital SPV, LLC are "persons" within the meaning of 18 U.S.C. § 1961(3).

96.     Defendants conducted and participated, directly and indirectly, in the conduct of the affairs of an enterprise engaged in interstate commerce, through a pattern of racketeering activity as defined in 18 U.S.C. §§ 1961(1) and (5), in violation of 18 U.S.C. § 1962(c).

97.     The enterprise consisted of an association-in-fact between Defendants Spring Oaks Capital, LLC and Spring Oaks Capital SPV, LLC, who collectively operated to unlawfully collect consumer debt by means of fraudulent and deceptive reporting practices designed to impair Plaintiff's credit and coerce payments on a debt Defendants had no lawful right to collect. The enterprise had a common purpose, ongoing structure, and continuity sufficient to constitute an enterprise under 18 U.S.C. § 1961(4).

98.     From on or about July 21, 2021 through July 2025, Defendants engaged in a continuous pattern of racketeering activity through the commission of at least ninety-eight (98) predicate acts of wire fraud, each constituting a violation of 18 U.S.C. § 1343.

99.     As detailed more fully in Count III, Defendants committed ninety-eight (98) distinct acts of wire fraud — consisting of forty-nine (49) monthly electronic transmissions of false credit

reporting data to TransUnion and forty-nine (49) monthly electronic transmissions of false credit reporting data to Equifax — spanning from July 2021 through July 2025. Each transmission constitutes a separate and independent use of interstate wire communications to disseminate materially false and misleading information about Plaintiff's credit, with the intent to deceive Plaintiff, damage her credit standing, and coerce her into paying a debt that Defendants had no lawful right to collect.

100.    The ninety-eight (98) acts of wire fraud committed by Defendants form a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(5). Defendants' repeated and willful use of interstate wire communications to transmit materially false credit reporting data over a period exceeding two years establishes a continuing pattern of unlawful conduct related to the affairs of the enterprise.

101.    As a direct and proximate result of Defendants' racketeering activity, Plaintiff has suffered injury to her business and property, including damage to her credit reputation, denial of business credit necessary to pursue entrepreneurial opportunities, increased cost of credit, and reputational harm impairing her ability to engage in commerce.

102.    Pursuant to 18 U.S.C. § 1964(c), Plaintiff is entitled to recover treble damages, attorney's fees, and costs of suit.

## COUNT XI

### Fair Credit Reporting Act – Per-Month Violations Against TransUnion

### 15 U.S.C. §§ 1681b, 1681c(a)(4), 1681s-2(a), and 1681s-2(b)

103.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully stated herein.

104. Defendants repeatedly and knowingly furnished false, inaccurate, incomplete, and misleading information about Plaintiff's alleged debt to TransUnion every month from July 2021 through July 2025.

105. Despite having no verified obligation or lawful authority to collect the alleged debt, Defendants continuously reported inaccurate and misleading information regarding the alleged account each month.

106. Each monthly furnishing of inaccurate tradeline information to TransUnion constitutes a separate and independent violation of the Fair Credit Reporting Act, *15 U.S.C. §§ 1681b, 1681c(a)(4), 1681s-2(a), and 1681s-2(b)*.

**107. Specifically, each month Defendants reported the following distinct inaccurate, misleading, or incomplete fields:**

a. Reporting account responsibility as 'Individual Account' despite no verified debtor relationship.

b. Reporting the account type as 'Open Account' rather than properly categorizing it as a collection account.

c. Reporting loan type as 'Factoring Company Account,' misrepresenting the true nature of the account.

d. Reporting a current balance of $719 despite no verified obligation to pay.

e. Reporting a past-due amount of $719 despite no verified obligation to pay.

f. Reporting a high balance of $719, falsely implying a revolving credit relationship that never existed.

g. Reporting account status as '>Collection<' inaccurately and misleadingly.

h.  Reporting the estimated date of removal as March 2026, improperly re-aging the account from the true date of first delinquency.

i.  Reporting remarks as 'Account information disputed by consumer (FCRA); Placed for collection,' which is misleading and incomplete.

j.  Misclassifying the account within the credit report as a standard unsatisfactory account rather than properly categorizing and reporting it as a collection account, creating a misleading and inaccurate presentation of Plaintiff's credit profile.

k.  Reporting the date opened as July 23, 2021, misrepresenting the true origin and age of the account.

l.  Reporting original creditor as 'Celtic Bank' without clarifying lack of verified assignment or current ownership.

m.  Continuing to report post-dispute without permissible purpose.

n.  Failing to delete unverifiable information after dispute.

o.  Reporting internal inconsistencies between fields and narrative (e.g., 'disputed' yet collectible).

p.  Failing to report scheduled payment amount accurately (left blank and misleading).

q.  Failing to report actual payment amount accurately (left blank and misleading).

r.  Failing to report last payment date accurately (left blank while reporting ongoing delinquency).

s.  Failing to report correct credit limit (left blank and misleading).

t.  Failing to provide accurate payment history grid in alignment with claimed balances and status.

u. Failing to furnish accurate monthly payment history for July 2021 through July 2025, leaving 49 months blank and misleading.

108. These actions violated Defendants' duties under the FCRA to furnish information with maximum possible accuracy, to cease reporting unverifiable or disputed information, and to ensure that all information provided is complete and not misleading.

109. Defendants' actions were willful and/or reckless, entitling Plaintiff to statutory damages of up to $1,000 per violation per month, totaling $1,029,000 in statutory damages, plus punitive damages, actual damages, attorney's fees, and costs pursuant to *15 U.S.C. §§ 1681n* and *1681o*.

## COUNT XII

### Fair Credit Reporting Act – Per-Month Violations Against Equifax
*15 U.S.C. §§ 1681b, 1681c(a)(4), 1681s-2(a), and 1681s-2(b)*

110. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully stated herein.

111. Defendants repeatedly and knowingly furnished false, inaccurate, incomplete, and misleading information about Plaintiff's alleged debt to Equifax every month from July 2021 through July 2025, despite having no verified obligation or lawful authority to collect such debt.

112. Each monthly furnishing of inaccurate tradeline information to Equifax constitutes a separate and independent violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681b, 1681c(a)(4), 1681s-2(a), and 1681s-2(b)

113. **Specifically, each month Defendants reported the following distinct inaccurate, misleading, or incomplete field:**

a. Reporting account responsibility as 'Individual Account' despite no verified debtor relationship.

b. Reporting the account type as 'Open Account' rather than accurately as a closed collection account.

c. Reporting loan type as 'Debt Buyers Account,' misrepresenting the true nature of the account.

d. Reporting a current balance of $719 despite no verified obligation to pay.

e. Reporting a past-due amount of $719 despite no verified obligation to pay.

f. Reporting a high credit of $719, falsely implying a revolving credit relationship that never existed.

g. Reporting account status as 'In Collection' inaccurately and misleadingly.

h. Reporting the estimated date of removal improperly re-aging the account from the true date of first delinquency.

i. Reporting remarks as 'Account information disputed by consumer (FCRA); Placed for collection,' which is misleading and incomplete.

j. Misclassifying the account within the credit report as an "Open Line" or standard revolving account with negative information, rather than properly categorizing and reporting it as a collection account, creating a misleading and inaccurate presentation of Plaintiff's credit profile.

k. Reporting the date opened inaccurately, misrepresenting the true origin and age of the account.

l. Reporting original creditor as 'Celtic Bank' without clarifying lack of verified assignment or current ownership.

m. Continuing to report post-dispute without permissible purpose.

n. Failing to delete unverifiable information after dispute.

o. Reporting internal inconsistencies between fields and narrative (e.g., 'disputed' yet collectible).

p. Failing to report scheduled payment amount accurately (left blank and misleading).

q. Failing to report actual payment amount accurately (left blank and misleading).

r. Failing to report last payment date accurately (left blank while reporting ongoing delinquency).

s. Failing to report correct credit limit (left blank and misleading).

t. Failing to provide accurate payment history grid in alignment with claimed balances and status.

u. Failing to furnish accurate monthly payment history for July 2021 through July 2025, leaving 49 months blank and misleading.

114. These actions violated Defendants' duties under the FCRA to furnish information with maximum possible accuracy, to cease reporting unverifiable or disputed information, and to ensure that all information provided is complete and not misleading

115 Defendants' actions were willful and/or reckless, entitling Plaintiff to statutory damages of up to $1,000 per violation per month, totaling $1,029,000 in statutory damages, plus punitive damages, actual damages, attorney's fees, and costs pursuant to 15 U.S.C. §§ 1681n and 1681o.

116. Defendants' actions were willful and/or reckless, entitling Plaintiff to statutory damages of up to $1,000 per violation per month, totaling $1,029,000 in statutory damages, plus punitive damages, actual damages, attorney's fees, and costs pursuant to *15 U.S.C. §§ 1681n* and *1681o.*

## PRAYER FOR RELIEF

117.   As a result of Defendants' willful and malicious conduct, Plaintiff has sustained not only economic losses and emotional distress, but also substantial harm to her credit reputation and financial standing. Defendants' false reporting has prevented Plaintiff from obtaining business credit, forced her to pay exorbitant interest rates on personal auto loans, and caused significant reputational injury among lenders, business partners, and others who rely on consumer credit reports in evaluating applicants. Plaintiff seeks a total monetary award of $18,855,500, representing actual, statutory, treble, and punitive damages, as well as attorney's fees, together with injunctive and equitable relief as set forth below.

118.   WHEREFORE,  Plaintiff respectfully prays that this Court enter judgment in her favor and jointly and severally against Defendants Spring Oaks Capital, LLC and Spring Oaks Capital SPV, LLC, and award the following relief:

119.   Summary of Damages Sought:

| Category | Amount |
|---|---|
| Baseline actual damages | $625,100.00 |
| Per-day ongoing damages @ $300/day | $436,800.00 |
| **Total actual damages** | **$1,061,900.00** |
| FCRA statutory damages (TransUnion) | **$1,029,000.00** |
| FCRA statutory damages (Equifax) | **$1,029,000.00** |
| Punitive damages | **$12,500,000.00** |
| TTLA treble damages | **$3,185,700.00** |
| Attorney's fees (est.) | **$50,000.00** |
| **TOTAL** | **$18,855,500** |

120. An award of actual damages in the amount of $1,061,900, consisting of $625,100 in baseline economic and reputational harm due to Defendants' unauthorized access to Plaintiff's credit reports, false reporting of tradelines, and misuse of her identifying information, together with $436,800 in ongoing actual harm sustained over 1,456 days of false credit reporting at a rate of $300 per day.

121. An award of Statutory damages under the FCRA, in the amount of $1,029,000 as to TransUnion and $1,029,000 as to Equifax, totaling $2,058,000, pursuant to *15 U.S.C. §§ 1681n* and *§ 1681s-2(b)*, reflecting Defendants' monthly reporting of false and inaccurate information to both bureaus over a forty-nine-month period, comprising at least 1,029 independent violations per bureau.

122. An award of punitive damages in the amount of $12,500,000, reflecting Defendants' willful, malicious, and systemic pattern of misconduct spanning more than four years. This amount is justified by Defendants' commission of at least ninety-eight (98) distinct acts of wire fraud, consisting of monthly electronic transmissions of materially false tradeline data to TransUnion and Equifax in violation of *18 U.S.C. § 1343,* each act constituting a separate and independent violation intended to deceive Plaintiff, impair her credit, and coerce payment of an unverified and unenforceable debt. Defendants' continued unlawful conduct caused Plaintiff substantial and ongoing reputational harm, including denial of business credit, forced acceptance of high-interest automobile loans at rates of 12% and 14%, and lasting damage to her credit standing among lenders and financial institutions. Further, Defendants' misconduct is part of an institutionalized, nationwide pattern and practice of similar violations, as evidenced by their being named as defendants in at least fifty-eight (58) other federal lawsuits alleging violations of the same consumer protection statutes over the past five years. The egregious nature, duration,

and scope of Defendants' conduct, combined with their demonstrated disregard for the rights of consumers, warrants exemplary damages sufficient to punish Defendants and deter future unlawful conduct.

123. Plaintiff respectfully requests the Court award her in addition to the actual damages and statutory damages, treble her actual damages in the amount of $3,185,700 pursuant to Tex. Civ. Prac. & Rem. Code § 134.005(a)(1), based on Defendants' knowing, intentional, and malicious appropriation and misuse of Plaintiff's identifying information for financial gain, as provided under the Texas Theft Liability Act. Plaintiff further requests punitive damages, attorney's fees, and such other relief as the Court deems just and proper.

124. Reasonable attorney's fees and costs, in the estimated amount of $50,000, or as proven at trial, pursuant to *15 U.S.C. §§ 1681n(a)(3)* and *1681o(a)(2) (FCRA), 15 U.S.C. § 1692k(a)(3)* (FDCPA), Tex. Fin. Code § *392.403(b)* (Texas Debt Collection Act), and Tex. Civ. Prac. & Rem. Code § *134.005(b)* (Texas Theft Liability Act).

125. That the Court appoint, at Defendants' sole expense, an independent, court-approved third-party compliance officer, to oversee Defendants' furnishing and collection practices, develop and implement policies and procedures to ensure compliance with federal and state law, and report quarterly to this Court on Defendants' compliance for a period of no less than two years.

126. That the Court enjoin Defendants from conducting any consumer debt collection or credit reporting activities in the United States until such time as the appointed compliance officer certifies to this Court that Defendants are in full compliance with all applicable laws and regulations.

<h1 style="text-align:center;"><ins><strong>CERTIFICATE OF SERVICE</strong></ins></h1>

This is to certify that a true and correct copy of Plaintiff's Original Complaint has been served on each named Defendant as follows:

**Defendant Spring Oaks Capital, LLC,** by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company 211 E. 7th Street, Suite 620 Austin, Texas 78701

**Defendant Spring Oaks Capital SPV, LLC,** by serving its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company 211 E. 7th Street, Suite 620 Austin, Texas 78701

Service on each Defendant will be properly executed through service on its designated registered agent as reflected in each of the defendant's most recent foreign entity registration records on file with the Texas Secretary of State.

**Tamara Sherman, Pro Se**
**4001 Fannin Apt 4513**
**Houston, Texas, 77004**
**Email: tl.sherman.mba@gmail.com**
**Ph: 281-223-2408**

127. That the Court issue injunctive relief compelling Defendants to immediately cease all unlawful collection and credit reporting activities, permanently delete the false and inaccurate tradeline furnished to consumer reporting agencies, and refrain from any future unauthorized access to Plaintiff's credit files or furnishing of false information to any consumer reporting agency.

128. That the Court grant equitable relief restoring Plaintiff's credit standing, including but not limited to the correction and permanent removal of all derogatory information reported by Defendants to any consumer reporting agency.

129. That the Court award pre-judgment and post-judgment interest as provided by law.

130. That the Court award such other and further relief as it may deem just and proper, including but not limited to declaratory relief, sanctions, and permanent injunctive orders necessary to fully redress Plaintiff's injuries and deter future unlawful conduct by Defendants.

## DEMAND FOR JURY TRIAL

131. Plaintiff hereby demands a trial by jury on all issues so triable as of right under the Seventh Amendment to the United States Constitution and pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully Submitted,

**Tamara Sherman, Pro Se**
**4001 Fannin Apt 4513**
**Houston, Texas, 77004**
**Email: tl.sherman.mba@gmail.com**
**Ph: 281-223-2408**

## Exhibit A

## Federal Lawsuits Alleging Statutory Violations Against Spring Oaks Capital, LLC and Spring Oaks Capital SPV, LLC

| Parties | Court | Docket No. | Date | Statutes | Summary |
|---|---|---|---|---|---|
| Weddington v. Spring Oaks Capital LLC | N.D. Alabama | 5:2021cv01137 | 08/19/2021 | FDCPA, FCRA | Unauthorized debt collection, false reporting, validation failures |
| Shepherd v. Spring Oaks Capital LLC | N.D. Alabama | 2:2023cv01247 | 09/20/2023 | FDCPA, FCRA | False reporting, collection on disputed debt |
| Robinson v. Spring Oaks Capital LLC | N.D. Alabama | 2:2023cv01381 | 10/13/2023 | FDCPA, FCRA | Deceptive practices, reporting inaccuracies |
| Varner v. Spring Oaks Capital LLC | N.D. Alabama | 2:2023cv01503 | 11/06/2023 | FDCPA, FCRA | Inaccurate reporting, debt validation failures |
| Akers v. Spring Oaks Capital LLC | N.D. Alabama | 2:2023cv01622 | 12/01/2023 | FDCPA, FCRA | False tradeline, failure to investigate |
| Carlisle v. Spring Oaks Capital LLC | N.D. Alabama | 2:2024cv00065 | 01/22/2024 | FDCPA, FCRA | Unauthorized access, misrepresentation |
| Giles v. Spring Oaks Capital LLC | N.D. Alabama | 2:2024cv00514 | 04/23/2024 | FDCPA, FCRA | False collection activity, misleading communications |
| Martel Nelson v. Spring Oaks Capital LLC | C.D. California | 5:2025cv00306 | 02/03/2025 | FDCPA, FCRA | Unlawful debt collection conduct |
| Pearson v. Spring Oaks Capital LLC | N.D. Georgia | 1:2023cv04047 | 09/11/2023 | FDCPA, FCRA | Disputed debt, reporting inaccuracies |
| Phiffer v. Equifax Info. Services et al | N.D. Georgia | 1:2024cv02232 | 05/21/2024 | FCRA | Furnishing false data, failure to correct |
| Nelson v. Maximus Education, LLC et al | D. Minnesota | 0:2024cv02067 | 06/03/2024 | FCRA, FDCPA | Credit reporting, unlawful collection |

| Parties | Court | Docket No. | Date | Statutes | Summary |
|---|---|---|---|---|---|
| Hagen v. TransUnion LLC et al | D. Minnesota | 0:2025cv02166 | 05/20/2025 | FCRA, FDCPA | FCRA violations, misleading reporting |
| Peoples v. FirstPoint Collection Resources… | W.D. N. Carolina | 3:2023cv00720 | 10/31/2023 | FDCPA, FCRA | Unlawful credit furnishing |
| Jones v. Spring Oaks Capital LLC | D. New Jersey | 2:2023cv21361 | 10/19/2023 | FDCPA, State Law | Debt validation, reporting violations |
| Russell v. MRS BPO LLC et al | W.D. Oklahoma | 5:2023cv00622 | 07/18/2023 | FDCPA, FCRA | False reporting, debt parking |
| Johnson v. Spring Oaks Capital LLC | D. South Carolina | 8:2024cv05104 | 09/14/2024 | FDCPA, FCRA | Unauthorized credit reporting |
| Leath v. Spring Oaks Capital LLC et al | W.D. Tennessee | 2:2025cv02320 | 03/20/2025 | FDCPA, FCRA | Failure to validate, misleading tradelines |
| Cunningham v. Spring Oaks Capital LLC | E.D. Texas | 4:2020cv00383 | 05/11/2020 | FDCPA, FCRA | Improper debt collection, false tradeline |
| Cruz Perez v. Spring Oaks Capital LLC et al | N.D. Texas | 3:2023cv02233 | 10/09/2023 | FDCPA, FCRA | FCRA and FDCPA violations |
| Denomie v. Spring Oaks Capital SPV LLC | N.D. Indiana | 2:2025cv00004 | 01/06/2025 | FDCPA, FCRA, State Law | Debt collection, false tradeline |
| Driskell v. Spring Oaks Capital SPV, LLC et al | N.D. Alabama | 2:2024cv01689 | 12/06/2024 | FDCPA, FCRA | False reporting, validation failures |
| Matthews v. Spring Oaks Capital, LLC et al | N.D. Alabama | 2:2024cv01142 | 08/20/2024 | FDCPA, FCRA | Inaccurate credit reporting |
| Moore v. Spring Oaks Capital SPV, LLC et al | N.D. Alabama | 2:2024cv01705 | 12/11/2024 | FDCPA, FCRA | Deceptive/fraudulent reporting |

| Parties | Court | Docket No. | Date | Statutes | Summary |
|---|---|---|---|---|---|
| Sanchez v. Spring Oaks Capital, LLC et al | E.D. California | 1:2022cv00460 | 04/19/2022 | FDCPA, FCRA | Misreporting, debt ownership disputes |
| Yang v. Spring Oaks Capital, LLC et al. | E.D. California | 1:2024cv00450 | 04/16/2024 | FDCPA, FCRA | Collection on disputed debt, false reporting |
| Boerner v. Spring Oaks Capital, LLC et al | D. Delaware | 1:2024cv00856 | 07/23/2024 | FDCPA, FCRA | Inaccurate tradeline, validation failures |
| Lubin v. Spring Oaks Capital SPV, LLC | M.D. Florida | 8:2024cv02906 | 12/16/2024 | FDCPA, FCRA | Improper collection/reporting |
| BERRY v. SPRING OAKS CAPITAL SPV, LLC | S.D. Florida | 0:2023cv62197 | 11/20/2023 | FDCPA, FCRA | Debt parking, re-aging allegations |
| Simpson v. Spring Oaks Capital SPV, LLC et al | N.D. Georgia | 1:2024cv01441 | 04/05/2024 | FDCPA, FCRA | Reporting of unvalidated debt |
| Edwards v. Spring Oaks Capital, LLC | N.D. Georgia | 1:2025cv00825 | 02/18/2025 | FDCPA, FCRA | Disputed debt, collection efforts |
| Hart and Spring Oaks Capital SPV, LLC | N.D. Illinois (Bankruptcy) | 3:2024ap96021 | 09/25/2024 | FDCPA, Bankruptcy Law | Attempted collection in bankruptcy |
| Leatherman v. Spring Oaks Capital SPV, LLC | N.D. Illinois | 1:2022cv02360 | 05/05/2022 | FDCPA, FCRA | Inaccurate tradeline, false collection |
| Martinez v. Spring Oaks Capital SPV, LLC | N.D. Illinois | 1:2024cv05442 | 06/28/2024 | FDCPA, FCRA | Unlawful reporting, validation failures |
| Etti v. Spring Oaks Capital SPV, LLC et al | N.D. Illinois | 1:2025cv00186 | 01/07/2025 | FDCPA, FCRA | Deceptive practices, misrepresentation |
| Ish v. Spring Oaks Capital, LLC et al | E.D. Michigan | 2:2024cv12349 | 09/09/2024 | FDCPA, FCRA | False credit reporting |

| Parties | Court | Docket No. | Date | Statutes | Summary |
|---|---|---|---|---|---|
| Beasley v. Spring Oaks Capital, LLC et al | D. Minnesota | 0:2024cv00425 | 02/12/2024 | FDCPA, FCRA | Misrepresentation, validation failure |
| Baker v. Spring Oaks Capital, LLC et al | E.D. Missouri | 1:2024cv00061 | 03/27/2024 | FDCPA, FCRA | Debt collection, inaccurate tradeline |
| Williams v. Spring Oaks Capital, LLC | E.D. North Carolina | 7:2024cv00386 | 05/03/2024 | FDCPA, FCRA | Collection on unvalidated debt |
| SHARP v. SPRING OAKS CAPITAL, LLC | D. New Jersey | 1:2024cv08483 | 08/14/2024 | FDCPA, FCRA | Inaccurate credit reporting |
| Manicksingh v. Spring Oaks Capital, LLC | S.D. New York | 7:2021cv07615 | 09/13/2021 | FDCPA, FCRA | Unauthorized collection/reporting |
| Severin v. Spring Oaks Capital, LLC | S.D. New York | 1:2024cv00720 | 02/01/2024 | FDCPA, FCRA | Credit reporting, debt validation |
| Herrera v. Spring Oaks Capital, LLC | S.D. New York | 1:2024cv06053 | 08/09/2024 | FDCPA, FCRA | False collection, misrepresentation |
| Ou v. Spring Oaks Capital, LLC | E.D. Pennsylvania | 2:2022cv02675 | 07/10/2022 | FDCPA, FCRA | Improper reporting, debt dispute |
| BERNARD v. SPRING OAKS CAPITAL, LLC | E.D. Pennsylvania | 2:2021cv05359 | 12/07/2021 | FDCPA, FCRA | False tradeline, validation |
| CHUNG v. TRANS UNION, LLC et al | E.D. Pennsylvania | 2:2022cv03900 | 09/30/2022 | FCRA | Furnishing false credit data |
| RICHARDSON v. TRANS UNION, LLC et al | E.D. Pennsylvania | 2:2022cv04912 | 12/09/2022 | FCRA | Inaccurate/false credit reporting |
| SIMMONS v. SPRING OAKS CAPITAL, LLC | E.D. Pennsylvania | 2:2022cv04793 | 12/02/2022 | FDCPA, FCRA | False reporting, collection |

| Parties | Court | Docket No. | Date | Statutes | Summary |
|---|---|---|---|---|---|
| Culmer v. Spring Oaks Capital, LLC | E.D. Pennsylvania | 2:2023cv01813 | 05/11/2023 | FDCPA, FCRA | Debt parking, reporting violations |
| CALHOUN v. TRANS UNION, LLC et al | E.D. Pennsylvania | 2:2023cv04039 | 10/18/2023 | FCRA | Furnishing false credit info |
| TEAGUES v. TRANS UNION LLC et al | E.D. Pennsylvania | 2:2025cv01768 | 04/04/2025 | FCRA | Reporting inaccurate info |
| Smotherman v. Spring Oaks Capital, LLC | M.D. Tennessee | 3:2023cv01164 | 11/03/2023 | FDCPA, FCRA | Debt validation, inaccurate reporting |
| Harrell v. Spring Oaks Capital, LLC | W.D. Tennessee | 2:2024cv02303 | 05/10/2024 | FDCPA, FCRA | False credit reporting, collection |
| Walker v. Spring Oaks Capital, LLC et al | E.D. Texas | 4:2023cv00064 | 01/24/2023 | FDCPA, FCRA | Improper collection, misreporting |
| Haygood-Kane v. United Revenue Corp. et al | E.D. Texas | 6:2023cv00494 | 10/04/2023 | FDCPA, FCRA | Unlawful collection, reporting |
| Hernandez v. Spring Oaks Capital, LLC et al | N.D. Texas | 5:2024cv00052 | 02/15/2024 | FDCPA, FCRA | Debt collection, inaccurate tradeline |
| Robbins v. Spring Oaks Capital, LLC et al | W.D. Texas | 5:2023cv00564 | 05/03/2023 | FDCPA, FCRA | Improper reporting, validation failure |
| Perez v. Spring Oaks Capital, LLC et al | W.D. Texas | 5:2023cv00945 | 08/01/2023 | FDCPA, FCRA | False tradeline, collection violations |
| Gilliam III v. Spring Oaks Capital, LLC et al | W.D. Texas | 6:2024cv00162 | 03/27/2024 | FDCPA, FCRA | Inaccurate reporting, validation failures |