# BASSFORD REMELE

**KIMBERLY DANG**
COUNSEL
Licensed in NY and TX
T  612.376.1665
KDANG@BASSFORD.COM

May 19, 2026

*VIA ELECTRONIC FILING*

Hon. Nicholas J. Ganjei
United States District Judge
Bob Casey United States Courthouse
515 Rusk Avenue
Houston, Texas 77002

Re:     Letter Motion Regarding Motion for Protective Order
        *Tamara Sherman v. Spring Oaks Capital, LLC and Spring Oaks Capital SPV, LLC*
        Court File No.:  4:25-cv-03327
        Our File No.:  11532-23

Dear Judge Ganjei:

Defendants Spring Oaks Capital, LLC and Spring Oaks Capital SPV, LLC ("Defendants") respectfully submit this letter motion seeking a protective order limiting Plaintiff Tamara Sherman's discovery requests to matters that are relevant to the claims and defenses and proportional to the needs of this case.

Plaintiff asserts two claims under the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA"), both premised on the theory that Defendants did not own Plaintiff's account and therefore lacked authority to collect or access Plaintiff's credit reports. Notably, Plaintiff admits that she opened the account with the original creditor. ECF No. 64-1 at 4. Despite the narrow issues presented, Plaintiff served 352 requests for admission, two sets of requests for production, and two sets of interrogatories seeking expansive discovery into institution-wide practices, unrelated consumer accounts, third-party communications, and company-wide policies over lengthy and undefined time periods. Plaintiff has also refused to appear for deposition, stating that it is a "waste of time," while simultaneously insisting on sweeping discovery far beyond the claims and defenses at issue.

The requests are overbroad and disproportionate under Fed. R. Civ. P. 26(b)(1). Responding would require extensive searches across multiple custodians, systems, and repositories at substantial burden and expense, despite much of the requested discovery having no apparent connection to Plaintiff's claims. Plaintiff's requests for production and interrogatories are also not relevant to any claim or defense nor are they proportionate to the needs of the case. For example,

in Plaintiff's first set of requests for production, Plaintiff seeks documents concerning securitization or investment vehicles involving the account, even though courts have consistently held that credit card securitization concerns receivables only and does not alter ownership of the underlying account and accompanying right to collect thereon. *See, e.g.*, *Scott v. Bank of Am.*, 580 Fed. Appx. 56, 57 (3d Cir. 2014) ("[C]ourts that have considered the effect of securitizing credit card receivables are all in agreement that it does not divest the issuer of its ownership interest in the credit card accounts."). So, such requests are irrelevant to any claim or defense.

Defendants therefore intend to seek a protective order: (a) striking Plaintiff's 352 requests for admission; (b) limiting discovery to Plaintiff's account, the specific reporting and collection activity involving Plaintiff; (c) imposing reasonable temporal limitations; and (d) precluding discovery concerning unrelated consumers, portfolios, or business operations absent a particularized showing of relevance.

The undersigned attempted to meet and confer in good faith and provided Plaintiff with drafts of this letter motion and the full motion briefing so that Plaintiff could review Defendants' objections, the legal basis for those objections, and the supporting authority before any motion was filed. The undersigned also requested Plaintiff's availability for a conference to discuss narrowing the requests and avoiding motion practice. Plaintiff refused to engage and instead instructed the undersigned to "run along and file your 'letter motion,'" necessitating judicial intervention.

Defendants therefore respectfully request leave to file a motion for protective order limiting discovery to matters relevant and proportional to Plaintiff's FDCPA and FCRA claims.

We thank the Court for its consideration.

Sincerely,

Kimberly Dang

cc:     Tamara Sherman, *Via Email*