**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| TAMARA SHERMAN, | Civ. Action No.: 4:25-cv-03327 |
| Plaintiff, | |
| v. | |
| SPRING OAKS CAPITAL, LLC, and SPRING OAKS CAPITAL SPV, LLC, | **JOINT ANSWER OF DEFENDANTS SPRING OAKS CAPITAL, LLC AND SPRING OAKS CAPITAL SPV, LLC TO PLAINTIFF'S SECOND AMENDED COMPLAINT[1]** |
| Defendants. | |

COMES NOW, Defendants Spring Oaks Capital, LLC ("SOC") and Spring Oaks Capital SPV, LLC ("SOC SPV") (collectively "Defendants"), as and for their joint answer to Plaintiff's Second Amended Complaint ("Complaint"), denies all allegations against them unless otherwise specifically admitted herein and states:

### ANSWER TO PRELIMINARY STATEMENT

1. In response to paragraph 1 of the Preliminary Statement, Defendants admit that Plaintiff asserts the claims alleged but denies that they violated any law.

2. In response to paragraph 2 of the Preliminary Statement, Defendants admit that Plaintiff has contested ownership. Defendants aver that SOC SPV is the current owner of the debt. Notwithstanding, ownership is not required to credit report and/or attempt to collect on a debt.

3. In response to paragraph 3 of the Preliminary Statement, Defendants admit that the only remaining claims in this lawsuit are those under the FCRA and FDCPA.

---

[1] On May 8, 2026, the Court granted Plaintiff's motion for leave to amend. (ECF No. 68.) As such, this Joint Answer is in response to Plaintiff's Proposed Second Amended Complaint, as filed on April 20, 2026 (ECF No. 64-1.)

## ANSWER TO NATURE OF THE ACTION

4.      In response to Plaintiff's Nature of the Action, Defendants admit that Plaintiff makes the allegations as alleged. Defendants deny that SOC SPV credit reporting, noting that any furnishing of information was conducted by a related entity, SOC. Defendant deny that they lacked the legal right to collect or report the account. Relying on the "collection of an account" language in § 1681b(a)(3)(A), courts are uniform in their agreement that a debt collector is permitted to obtain a consumer credit report for the purpose of collecting an outstanding debt. See, e.g., *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011); *Norman v. Northland Grp. Inc.*, 495 Fed. Appx. 425, 427 (5th Cir. 2012); *Adams v. LexisNexis Risk & Info. Analytics Grp., Inc.*, No. 08-4708 (RMB/KW), 2010 WL 1931135, at *8 (E.D. Pa. May 12, 2010); *Hinkle v. CBE Grp.*, No. 11-091, 2012 WL 681468, at *3 (S.D. Ga. Feb. 3, 2012); *Pyle v. First Nat'l Collection Bureau,* No.12-00288-AWI-SKO, 2012 WL 1413970, at *3 (E.D. Cal. April 23, 2012); *Tonini v. Mandarich Law Grp., LLP*, No. 12-637 WQH (WMC), 2012 WL 2726761, at *4 (S.D. Cal. July 9, 2012).

## ANSWER TO JURISDICTION AND VENUE

5.      Defendants do not object to the Court's Jurisdiction or to venue.

## ANSWER TO PARTIES

6.      In response to paragraph 1 of Parties, Defendants admit, upon information and belief, that Plaintiff is a resident of Harris County, Texas. To all other extents, Defendants assert that Plaintiff states a conclusion of law, to which no response is required.

7.      In response to paragraph 2 of Parties, Defendants admit that SOC is a limited liability company as alleged. Defendant further states that at times, it is a debt collector under the FDCPA, but lacks sufficient information and knowledge to either admit or deny that it was a debt

collector regarding Plaintiff. To all other extents, Defendants assert that Plaintiff states conclusions of law to which no response is required.

8.     In response to paragraph 3 of Parties, Defendants admit that SOC SPV is a limited liability company as alleged. Defendants deny that SOC SPV is a debt collector. To all other extents, Defendants assert that Plaintiff states conclusions of law to which no response is required.

9.     Defendants deny the allegations set forth in paragraph 3 of Plaintiff's Complaint.

10.     In response to paragraph 4 of Plaintiff's Complaint, Defendants deny that Plaintiff is entitled to any damages as there has been no violation of any law.

## ANSWER TO ALLEGATIONS

11.     In response to paragraph 1 of Allegations, Defendants admit that Plaintiff opened a credit card and that it was charged-off as alleged. Defendants lack sufficient information and knowledge as to how Plaintiff used the credit card. Defendants deny that they claim to have acquired the account from DNF Associates, noting that SOC acquired the account from DNF and then the account was acquired by SOC SPV from SOC.

12.     In response to paragraph 2 of Allegations, Defendants admit that SOC furnished information related to Plaintiff's account to consumer reporting agencies, although it did not start furnishing information to Equifax until 2025. SOC SPV did not furnish any information or otherwise access any credit report.

13.     In response to paragraph 3 of Allegations, Defendants admit that Plaintiff made repeated demands for documentation supporting ownership. Defendants deny that they were required to provide such documentation and asserts that they properly responded to any and all disputes/complaints.

14.     In response to paragraph 4 of Allegations, Defendants deny that they failed to provide proof of ownership, as they were under no obligation to do so. The FDCPA does not prescribe what qualifies as sufficient verification, but the requirements are minimal and do not require documents bearing a signature or contractual agreements. *See Graziano v. Harrison,* 950 F.2d 107, 113 (3d. Cir. 1991) (verification sufficient where stating "the amounts of . . . debts, the services provided, and the dates on which the debts were incurred"); *Chaudhry v. Gallerizzo,* 174 F.3d 394, 406 (4th Cir. 1999) ("[V]erification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed; the debt collector is not required to keep detailed files of the alleged debt."); *Dunham v. Portfolio Recovery Assocs., LLC,* 663 F.3d 997, 1003 (8th Cir. 2011) (relying on *Chaudhry*); *See Thornton v. Hughes, Watters & Askanase, LLP,* No. 2:16-CV-66, 2016 WL 8710442, at *10 (S.D. Tex. Oct. 21, 2016), *report and recommendation adopted,* No. 2:16-CV-66, 2016 WL 6775676 (S.D. Tex. Nov. 16, 2016) (copy of the deed of trust, statement showing the principal amount and an explanation of amount due was sufficient verification); *see also Kiggundu v. Mortgage Elec. Registration Sys., Inc.,* No. 4:11-1068, 2011 WL 2606359, at *6 (S.D. Tex. June 30, 2011) (copy of a deed of trust and payments found to satisfy the verification of debt obligation). The purpose of the verification is "to eliminate the problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *Mack v. Progressive Financial Servs., Inc.,* No. 4:13-cv-544, 2015 WL 123742, at *3 (E.D. Tex. Jan. 8, 2015); *Clark v. Capital Credit & Collection Servs., Inc.,* 460 F.3d 1162 (9th Cir. 2006)).

15.     In response to paragraph 5 of Allegations, Defendants admit that SOC furnished information related to the credit reporting agencies through December 2025, denying that SOC SPV furnished any such information.

16. In response to paragraph 6 of Allegations, Defendants admit that Plaintiff never entered into any agreement with either of them. Defendants deny that SOC SPV accessed Plaintiff's credit reports. Defendants admit that SOC accessed Plaintiff's credit reports and furnished information as per statutorily authorized permissible purpose it possessed. Relying on the "collection of an account" language in § 1681b(a)(3)(A), courts are uniform in their agreement that a debt collector is permitted to obtain a consumer credit report for the purpose of collecting an outstanding debt. *See, e.g.*, *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011); *Norman v. Northland Grp. Inc.*, 495 Fed. Appx. 425, 427 (5th Cir. 2012); *Adams v. LexisNexis Risk & Info. Analytics Grp., Inc*., No. 08-4708 (RMB/KW), 2010 WL 1931135, at *8 (E.D. Pa. May 12, 2010); *Hinkle v. CBE Grp*., No. 11-091, 2012 WL 681468, at *3 (S.D. Ga. Feb. 3, 2012); *Pyle v. First Nat'l Collection Bureau,* No.12-00288-AWI-SKO, 2012 WL 1413970, at *3 (E.D. Cal. April 23, 2012); *Tonini v. Mandarich Law Grp., LLP*, No. 12-637 WQH (WMC), 2012 WL 2726761, at *4 (S.D. Cal. July 9, 2012).

17. In response to paragraph 7 of Allegations, Defendants deny that Plaintiff has suffered any damages, further denying that Plaintiff, an individual, is entitled any damages for any purported denial of access to business credit.

### ANSWER TO COUNT I

18. In response to paragraph 1 of Count I, Defendants adopt all prior paragraphs as though fully set forth herein.

19. In response to paragraph 2 of Count I, Defendants admit that Plaintiff purports to summarize the cited statutory section but deny that they violated any law or made any misrepresentations.

20. In response to paragraph 3 of Count I, Defendants deny that SOC SPV did not legally acquire Plaintiff's account.

21. In response to paragraph 4 of Count I, Defendants deny that any credit reporting and collection activity constituted unlawful collection and/or credit reporting.

22. In response to paragraph 5 of Count II, Defendants deny they violated any law and deny that Plaintiff suffered any damages as a result of the allegations.

**ANSWER TO COUNT II**

23. In response to paragraph 1 of Count II, Defendants adopt all prior paragraphs as though fully set forth herein.

24. In response to paragraph 2 of Count II, Defendants admit that Plaintiff purports to summarize the cited statutory section but deny that they violated any law or lacked any permissible purpose.

25. In response to paragraph 3 of Count II, Defendants deny that that SOC SPV accessed Plaintiff's credit report. Defendants admit that any access by SOC was done "in connection with collection of the Account."

26. In response to paragraph 4 of Count II, Defendants deny that both Defendants claimed ownership of the Account at the alleged time, as SOC SPV had acquired ownership of the same. Defendants admit that Plaintiff repeatedly disputed the ownership of the Account, but as noted above, collection of an account is a permissible purpose.

27. In response to paragraph 5 of Count II, Defendants deny that SOC SPV accessed Plaintiff's credit report. Defendants admit that SOC furnished information to the credit reporting agencies. Defendants deny that any conduct violated the FCRA, either negligently or willfully.

6

28.     In response to paragraph 6 of Count II, Defendants deny that they violated the FCRA and deny that Plaintiff suffered any damages or is entitled to any relief.

## ANSWER TO PRAYER FOR RELIEF

29.     In response to the Prayer for Relief, Defendants deny that Plaintiff is entitled to any relief, including but not limited to the relief set forth in paragraph 1-5, and all subparts, of the prayer. Defendant further deny that either the FDCPA or FCRA provide for declaratory relief.

## ANSWER TO DEMAND FOR JURY TRIAL

30.     Defendants deny that Plaintiff is entitled to a jury trial as there has been no violation of law.

## PRAYER

WHEREFORE, Defendants respectfully request this Court to dismiss Plaintiff's claims with prejudice and for any such other relief as this court deems just and proper. Defendants further request  that  the Court award their reasonable costs and attorney fees as per 15 U.S.C. § 1692k.

**BASSFORD REMELE**
*A Professional Association*

Dated: May 22, 2026      By:  */s/ Michael S. Poncin*
                              Michael S. Poncin
                              Attorney-in-charge
                              MN #296417
                              SDTX # 1187762
                              100 South Fifth Street, Suite 1500
                              Minneapolis, MN  55402
                              Telephone: (612) 333-3000
                              Facsimile: (612) 333-8829
                              Email: mponcin@bassford.com

                              *Attorneys for Spring Oaks Capital, LLC and*
                              *Spring Oaks Capital SPV, LLC*