UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TAMARA SHERMAN, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-CV-03327 |
| | § | |
| SPRING OAKS CAPITAL LLC, | § | |
| ET AL., | § | |
| *Defendants*. | § | |

## ORDER

Plaintiff, proceeding pro se, asserts claims against Defendants for alleged violations of the Fair Credit Reporting Act (FCRA) and the Fair Debt Collection Practices Act (FDCPA). ECF 68-1. Defendants filed a Request for Pre-Motion Conference seeking leave to file a Motion for Protective Order limiting Plaintiff's "discovery requests to matters that are relevant to the claims and defenses and proportional to the needs of this case."[1] ECF 69. Defendants represent that Plaintiff has served "352 requests for admission, two sets of requests for production, and two sets of interrogatories seeking expansive discovery into institution-wide practices, unrelated consumer accounts, third-party communications, and company-wide policies over lengthy and undefined time period," and has also refused to appear for

---

[1] The District Judge referred this discovery matter to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 72. No other matters in this case have been referred to the undersigned Magistrate Judge.

a deposition. *Id.* at 1. Plaintiff disputes Defendants' characterization of the facts and opposes their requested relief. ECF 73. The discovery deadline was June 1, 2026 and the dispositive motion deadline is July 1, 2026. ECF 57. There is currently no trial setting because the October 13, 2026 setting before District Judge Keith Ellison was vacated upon transfer of this case to District Judge Nicholas Ganjei. ECF 61.

Parties are permitted to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1). Plaintiff's service of 352 requests for admission is patently unreasonable and disproportional to the needs of this type of case, particularly given Plaintiff's concession that "this case begins and ends in paperwork." ECF 73 at 1. Moreover, information related to other consumers accounts is not relevant to Plaintiff's claims and her requests must be limited in time to the period after she opened the Indigo Mastercard account in 2018. ECF 68-1 at 4.

The Court finds a conference at this time would not be efficient or productive. The Court deems Defendants' discovery dispute letter (ECF 69) to be a Motion for Protective Order. It is therefore

ORDERED that Defendants' Motion for a Protective Order (ECF 69) is GRANTED. It is further

ORDERED that all outstanding discovery requests are quashed and Defendants are under no further obligation to respond to them. It is further

ORDERED that Plaintiff is limited to 25 requests for admission for the purpose of authenticating specific, relevant documents or ascertaining the truth of a specific relevant fact. It is further

ORDERED that Plaintiff's interrogatories pursuant to Federal Rule of Civil Procedure 33(a) are limited to the time frame 2018 to present and to matters related to Plaintiff's account and the reporting and collection activities related to Plaintiff's account. It is further

ORDERED that Plaintiff's requests for production of documents pursuant to Federal Rule of Civil Procedure 34 are limited to the time frame 2018 to present and to materials related to Plaintiff's account and the reporting and collection activities related to Plaintiff's account. It is further

ORDERED that if any party has not made initial disclosures as required by Rule 26(a) they must do so on or before June 16, 2026. It is further

ORDERED that the discovery deadline is extended to August 1, 2026 and the dispositive motion deadline is extended to September 1, 2026. All discovery requests must be propounded in time for compliance before August 1, 2026. It is further

ORDERED that Plaintiff must appear for a duly noticed deposition before August 1, 2026.

Signed on June 02, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge