United States District Court
Southern District of Texas
**ENTERED**
June 15, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Tamara Sherman, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 4:25-cv-3327 |
| | § | |
| Spring Oaks Capital LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ON MOTIONS

Before the Court are Plaintiff's Motion for Electronic Filing Access, Doc. 77, Plaintiff's Objections Pursuant to FRCP 72(a) to Magistrate Judge's Order, Doc. 78, and Plaintiff's Emergency Motion to Toll or Extend Discovery Deadlines and Request for Expedited Hearing, Doc. 80. For the reasons set forth below, the Court DENIES Plaintiff's request for CM/ECF access, OVERRULES her objections, and DENIES AS MOOT her motion for emergency relief.

### I. ELECTRONIC FILING ACCESS

A *pro se* litigant may file electronically "only if allowed by court order or by local rule." *See* Fed. R. Civ. P. 5(d)(3)(B)(i). Thus, "ECF access is not a 'due process right' but is granted at the discretion of the Court." *Sieverding v. U.S. Dep't of Justice*, 847 F. Supp. 2d 75, 87 (D.D.C. 2012). And this Court generally only allows CM/ECF access to attorneys who are members of the bar.

Here, Plaintiff contends that electronic filing would ease the burden of physical in-person filing. *See* Doc. 77 at 2–3. This theorized burden has not, however, prevented

Plaintiff from engaging in law and motion practice thus far. *See*, *e.g.*, Doc. 78 (a 250-page filing objecting to Magistrate Judge Bryan's discovery dispute order). As such, the Court is not persuaded to deviate from its general practices. Should Plaintiff need to file additional documents, she should continue to follow the procedures set out by this Court for *pro se* litigants. Plaintiff's motion for electronic filing access is therefore DENIED.

## II.  OBJECTIONS TO MAGISTRATE JUDGE'S ORDER

Last month, the Court referred a non-dispositive discovery dispute to Magistrate Judge Christina A. Bryan for resolution. Doc. 72. Judge Bryan granted Defendants a protective order, quashed all outstanding discovery requests, imposed written discovery limitations on Plaintiff, established a new discovery and dispositive motion deadline, and ordered Plaintiff to appear for a deposition before August 1, 2026. Doc. 76. Plaintiff filed objections to that Order, substantiated by 227 pages worth of exhibits. *See* Doc. 78.

"When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide . . . [t]he district judge in the case must consider timely objections [to the magistrate judge's order] and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed R. Civ. P. 72(a). Having reviewed Magistrate Judge Bryan's order, Doc. 72, and Plaintiff's objections, Doc. 78, the Court finds no part of the order clearly erroneous or contrary to law. Plaintiff's objections are therefore OVERRULED.

### III.  EMERGENCY MOTION

Plaintiff has since filed an emergency motion requesting that the Court stay the discovery deadlines pending its review of her objections. Because Plaintiff's objections have been overruled, the motion is DENIED AS MOOT.

### IV.  CONCLUSION

Plaintiff's request for CM/ECF access is DENIED, her objections to Judge Bryan's order resolving the parties' discovery dispute are OVVERRULED, and her motion for emergency relief is therefore DENIED AS MOOT.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 15th of June, 2026.

_____
Nicholas J. Ganjei
United States District Judge