**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| TAMARA SHERMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civ. Action No.: 4:25-cv-03327 |
| | § | Hon. Judge Ganjei |
| SPRING OAKS CAPITAL, LLC, and | § | Mag. Judge Bryan |
| SPRING OAKS CAPITAL SPV, LLC, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' JOINT MOTION FOR RELIEF FROM THE
COURT'S SETTLEMENT CONFERENCE/PRIVATE MEDIATION
REQUIREMENT**

Defendants Spring Oaks Capital, LLC and Spring Oaks Capital SPV, LLC ("Defendants" or "SOC") move the Court seeking relief from its private mediation/ settlement conference requirement. (J. Ganjei's Court Procedures, 15.c.). Defendants seek relief as either a settlement conference, or a private mediation, would be futile. Defendants submit the following in support:

**STATEMENT OF NATURE AND STAGE OF PROCEEDING**

1.     Plaintiff asserts claims against Defendants under the Fair Credit Reporting Act ("FCRA") and Fair Debt Collection Practices Act ("FDCPA"), and seeks declaratory relief, which all rest on the same premise: that Defendants were required to possess and produce documentation establishing an unbroken chain of title before attempting to collect Plaintiff's account or obtaining Plaintiff's consumer reports.

2.      Discovery closes in this matter on August 1, 2026 and summary judgment motions are due by September 1, 2026.

## STATEMENT OF NECESSARY FACTS

3.      To date, this matter has been highly contentious and filled with non-dispositive motion practice. To date the following motions have been filed:

a.  MOTION for Permission to File Electronically (Plaintiff – ECF No. 6)

b.  MOTION to Strike Certain Affirmative Defenses [15] Answer to Amended Complaint (Plaintiff – ECF No. 16)

c.  AMENDED/RENEWED [16] MOTION, MOTION and to Deem Certain Allegations Admitted under rule (Plaintiff – ECF No. 19)

d.  AMENDED Revised [19] MOTION (Motion Docket Date 10/17/2025.), MOTION to Strike [15] Defendant's Affirmative Defenses (Plaintiff – ECF No. 28)

e.  EX PARTE MOTION for Leave to File under Seal (Plaintiff – ECF No. 37)

f.  MOTION for a Rule 26 (c) Protective Order (Plaintiff – ECF No. 42)

g.  MOTION for Leave to Amend (Plaintiff – ECF No. 64)

h.  Opposed REQUEST for pre-motion conference (Defendants – ECF 69)

i.  Plaintiff's MOTION for Electronic Filing (Plaintiff – ECF No. 77)

j.  Plaintiff's OBJECTIONS to [76] Magistrate Judge's Order on Request for Pre-Motion Conference and Motion to Vacate or Modify (Plaintiff – ECF No. 78)

k. EMERGENCY MOTION to Toll or Extend Discovery Deadlines and Request for Expedited Hearing (Plaintiff – ECF No. 80)

4. Plaintiff's original complaint demanded in excess of $18.5 million. (Compl. ECF No. 1.)

5. On June 4, 2026, the undersigned emailed Plaintiff, in part to suggest that the parties jointly move for relief from the settlement conference/private mediation requirement.

6. Plaintiff responded, in part, with the following:

I am aware of what the procedure says. However , I have a standard operating position that your clients will not do anything, specifically, related to settlement unless ordered.

Additionally, Y'all have already waved arbitration and arbitration and mediation are essentially same horse in another color. Hence, I proposed filing a joint motion ordering everyone specifically to a settlement conference.

I applaud your brilliant idea of filing a joint motion requesting the parties be excused from the requirement. I think that you should pursue that motion on your own. I feel that with your vast amount of experience and expertise, you would approach it in a way I probably wouldn't think of. **I definitely would not oppose the motion**.

Exhibit A (emphasis added).

7. Plaintiff's response accordingly either concedes that relief is appropriate, or at a minimum, underscores the contentious nature of this case.

8. However, after being notified that Defendants planned to proceed with the instant motion, Plaintiff responded with the following:

I look forward to receiving the notice of filing on your motion so I can prepare my response and get it filed quickly.

9.    Thus, Plaintiff intends to oppose this motion.

10.    On June 22, 2026, Judge Ganjei referred all motions to Magistrate Judge Bryan. (ECF No. 82.)

## STATEMENT OF ISSUES

11.    The sole issue is whether the Court will dispense with its requirement that a settlement conference or mediation take place withing 45 days of filing of summary judgment.

## STANDARD OF REVIEW

12.    A district court has broad discretion to manage its own docket, and that discretion includes the authority to modify, waive, or excuse compliance with the case-management and alternative-dispute-resolution procedures the court has established. The Fifth Circuit has confirmed that district courts possess the inherent power to manage settlement procedures, including the power to require a party's representative with full settlement authority to attend a settlement conference, subject only to review for abuse of discretion. *In re Stone*, 986 F.2d 898, 903–04 (5th Cir. 1993). That inherent authority to control the calendar is broadly recognized, and it is reinforced by the Federal Rules of Civil Procedure, and the Alternative Dispute Resolution Act of 1998 ("ADR Act"). *In re Atl. Pipe Corp.*, 304 F.3d 135, 143, 145 (1st Cir. 2002) (discussing court's inherent powers to manage and control their calendars); Fed. R. Civ. P. 16; 28 U.S.C. §§ 651–652.

13.     The ADR Act requires only that litigants "consider" the use of an alternative dispute resolution process, and it expressly authorizes a district court to exempt "specific cases or categories of cases in which use of alternative dispute resolution would not be appropriate." 28 U.S.C. § 652(b). Whether to refer a case to mediation is therefore committed to the sound discretion of the Court. *Atl. Pipe Corp.*, 304 F.3d at 145.

14.     That discretion is one to be exercised with restraint. *See id.* (any mediation order must "preserve[] procedural fairness and shield[] objecting parties from undue burdens."). The Fifth Circuit has emphasized that the power to compel a party's participation in settlement is "a power to be very sparingly used," and that a court abuses its discretion when it routinely compels such participation without individualized consideration of the burden and utility involved. *Stone*, 986 F.2d at 900. Consistent with that restraint, courts "excuse the requirement of ADR in instances where it is clear the exercise would be futile," particularly where a party has taken a firm position that it will not settle. *Phelps v. GEICO Indem. Co.*, No. 612CV1585GTSDEP, 2013 WL 12136507, at *2 (N.D.N.Y. Aug. 27, 2013).

15.     Compelling mediation in those circumstances accomplishes little in any event, because a court may require the parties to attend and to consider settlement, but a mediator "has no authority to coerce settlement." *Atl. Pipe Corp.*, 304 F.3d at 146. The court's power reaches attendance and good-faith participation, not the compromise itself. *See In re Univ. of Michigan*, 936 F.3d 460, 463–64 (6th Cir. 2019).

**ARGUMENT**

16.     A settlement conference or private mediation in this case would be an empty exercise. Defendants have determined that they will not settle Plaintiff's claims, and they intend to move for summary judgment disposing of the case in its entirety. Mediation cannot bridge the gap; at most, it would confirm an impasse that already exists. Because a mediator "has no authority to coerce settlement," requiring the parties to convene would yield nothing beyond their attendance. *Atl. Pipe Corp.*, 304 F.3d at 146.

17.     Futility here is not speculative. This litigation has been extraordinarily contentious, generating extensive non-dispositive motion practice, and Plaintiff's original complaint demanded in excess of $18.5 million, which is a valuation far removed from the statutory claims that remain. *See* ECF No. 1. Plaintiff has made no demand other than what was set forth in her original (and first amended) complaint, and she has stated that she intends to oppose even this motion. *See* Exhibit A. On this record, there is no reasonable prospect that a settlement conference or mediation would produce a resolution.

18.     Whether mediation will serve any purpose "depends on the idiosyncracies of the particular case." *Atl. Pipe Corp.*, 304 F.3d at 144. The circumstances here where a defendant that will not settle, a dispositive motion in preparation, and the existing contentious nature all point to futility. Courts decline to compel a settlement conference on precisely such facts, where one party has not made any offer and it "does not appear that mediation would be productive between the parties." *Jones v. Easter*, No. 17-CV-3089-EFM, 2020 WL 2507635, at *7 (D. Kan. May 15, 2020). Requiring ADR under these

conditions would waste the resources of both the parties and the Court, and Defendants respectfully submit that excusing the requirement is both authorized and appropriate.

19.     This District's own practice confirms that relief is appropriate. Courts in the Southern District of Texas have made clear that they "will not force any party to mediation that does not believe the case suitable for mediation," and that a party may move to vacate the mediation requirement in such circumstances. *Monroe v. Corpus Christi Indep. Sch. Dist.*, 236 F.R.D. 320, 321 (S.D. Tex. 2006). Excusing mediation deprives the process of nothing it could otherwise achieve: a party is never asked "to commit to settle their case in advance of mediation," only to participate in good faith, and good-faith participation cannot occur where the parties are already at a definitive impasse. *Id.* To be sure, whether to order mediation remains committed to the Court's discretion. *In re U.S.*, 149 F.3d 332, 333 (5th Cir. 1998). But on these facts, that discretion should be exercised to excuse an exercise that would serve no purpose.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court relieve the parties of its settlement-conference and private-mediation requirement. In the alternative, Defendants request that the Court defer any settlement conference or mediation until after it has ruled on Defendants' forthcoming motion for summary judgment, so that the parties and the Court are not required to expend resources on alternative dispute resolution before the dispositive issues are resolved.

## CERTIFICATE OF CONFERENCE

As set forth in paragraphs 5-8 above, the parties corresponded regarding Defendants' proposal to seek relief from the Court's requirement. While Plaintiff initially appeared to agree with the request, her subsequent email indicated her intention to file an opposition to the present motion.

**BASSFORD REMELE**
*A Professional Association*

Dated: July 24, 2026      By: */s/ Michael S. Poncin*
                            Michael S. Poncin
                            Attorney-in-charge
                            MN #296417
                            SDTX # 1187762
                            100 South Fifth Street, Suite 1500
                            Minneapolis, MN  55402
                            Telephone: (612) 333-3000
                            Facsimile: (612) 333-8829
                            Email: mponcin@bassford.com

                            *Attorneys for Spring Oaks Capital, LLC and*
                            *Spring Oaks Capital SPV, LLC*