# BASSFORD REMELE

**MICHAEL S. PONCIN**
SHAREHOLDER
Licensed in MN
T  612.376.1618

MPONCIN@BASSFORD.COM

July 29, 2026

*VIA ELECTRONIC FILING*

The Honorable Christina A. Bryan
United States Magistrate Judge
United States District Court
Southern District of Texas
515 Rusk Street
Houston, Texas 77002

Re:    Letter Responding to Plaintiff's Discovery Dispute
         *Tamara Sherman v. Spring Oaks Capital, LLC and Spring Oaks Capital SPV, LLC*
         Court File No.:  4:25-cv-03327; Our File No.:  11532-23

Dear Judge Bryan:

Defendants Spring Oaks Capital, LLC and Spring Oaks Capital SPV, LLC (together, "Spring Oaks") submit this letter in response to the discovery dispute letter submitted by Plaintiff Tamara Sherman. Spring Oaks respectfully requests that the Court deny each item of relief Plaintiff seeks. Her requests rest on a single premise: that Spring Oaks cannot establish that it owns her account. That premise is both legally incorrect and, more importantly for this dispute, irrelevant to the discovery she demands. Spring Oaks has already produced the documents evidencing its acquisition of the account and answered Plaintiff's 50 requests. What Plaintiff now seeks to compel is discovery into credit card securitization structures, trusts, and a document-by-document "chain of title" that has no bearing on her Fair Debt Collection Practices Act ("FDCPA") and Fair Credit Reporting Act ("FCRA") claims. That discovery is not relevant, is not proportional to the needs of this case, and Spring Oaks' objections to it are proper.

**Background**. On July 20, 2026, Spring Oaks served responses and objections to Plaintiff's 25 Requests for Admission, 8 Interrogatories, and two sets of Requests for Production (17 in total). In connection with this litigation, Spring Oaks produced the transactional documents reflecting the transfer and assignment of the account and the related account records (Bates Nos. SOC000001– SOC000273). Spring Oaks also admitted, in response to Request for Admission No. 7, the content of the account-level file Plaintiff identifies. These documents have been in her hands since Spring Oaks produced its Initial Disclosures on January 15, 2026.

**I. The securitization and "chain of title" discovery Plaintiff seeks is not relevant to her FDCPA and FCRA claims.**

**BASSFORD REMELE**

July 29, 2026
Page 2

Spring Oaks objected that this material is irrelevant because credit-card securitization involves only the securitization of the receivables and does not transfer ownership of the underlying account or affect the owner's right to collect. That objection is well founded.

Courts have uniformly rejected the theory that securitizing receivables strips the account owner of its ownership interest or right to collect. *See, e.g.*, *Scott v. Bank of Am.,* 580 F. App'x 56, 57-58 (3d Cir. 2014) (holding "[c]redit card securitization involves the securitization solely of the receivables, not of the accounts themselves," so "even after securitization the card issuer retains an ownership interest in the account"; indeed, "[t]he courts that have considered the effect of securitizing credit card receivables are all in agreement that it does not divest the issuer of its ownership interest in the credit card accounts."); *Willard v. Bank of Am.*, 204 F. Supp. 3d 829, 834 (E.D. Pa. 2016) (holding that "the only items being sold to the trust are the receivables, not the underlying accounts," and that the owner "maintains ownership of the related credit card accounts and the right to collect thereon throughout the entire process."). Plaintiff's assertion that once receivables are securitized, the seller has "nothing to transfer" to the acquirer, rendering collection unlawful, was rejected on the merits in the *Scott* case. These decisions are persuasive rather than binding here, but they reflect a consistent, nationwide rule.

Moreover, the FDCPA does not require Spring Oaks to produce an exhaustive "chain of title." Section 1692g(a) requires disclosure only of the amount of the debt and the current creditor, not all prior owners. *Rosenberg v. Frontline Asset Strategies, LLC*, 556 F. Supp. 3d 157 (E.D.N.Y. 2021). A plaintiff's "mere lack of knowledge of the chain of title" does not allow discovery on ownership absent some factual basis exists that the debt buyer does not own the debt. *Id.* at 164. Plaintiff offers only her belief that Spring Oaks cannot establish ownership, which courts have held insufficient. The requested discovery is therefore outside the scope of Rule 26(b)(1).

## II. Plaintiff's interrogatories and document requests are overbroad, vague, and disproportionate.

Several of Plaintiff's requests fail the proportionality and particularity standards on their face:

- **Interrogatory No. 6** demands the identity of "every individual" who "performed work" on behalf of either entity in connection with the account over a period of roughly five to seven years, with no limitation to the claims or defenses at issue and no definition of "performed work."

- **Interrogatory No. 7** similarly seeks "each individual" who took "any action" concerning the account over a five-year span. All-encompassing demands of this kind do not satisfy the reasonable-particularity requirement of Rule 34(b)(1)(A). *See, e.g.*, *Mahalingam v. Wells Fargo Bank, N.A.,* 349 F.R.D. 127, 144 (N.D. Tex. 2023).

- **Interrogatory No. 1** seeks the home address, personal telephone number, and personal email of a former service-provider agent. That personal identifying information is not

July 29, 2026
Page 3

> proportional to the needs of an FDCPA/FCRA case, and the individual may be reached through counsel.

- Requests directed to Spring Oaks' post-filing conduct and the internal decision to delete the tradeline (**Interrogatory No. 4** and **Second Set Request for Production No. 7**) seek material prepared in anticipation of litigation and attorney work product.

Spring Oaks does not carry these objections by mere recitation; each is tied to the specific defect in the request at issue.

### III. Spring Oaks' responses comply with the Federal Rules and the Court's procedures.

Plaintiff's assertion that "100%" of Spring Oaks' responses are non-compliant is incorrect.

- **The Requests for Admission were fairly answered.** Spring Oaks admitted the requests it could admit (e.g., Nos. 7, 15, 17) and denied the remainder, stating the basis where appropriate. Where a request characterized the contents of a produced document, Spring Oaks appropriately responded that the document speaks for itself and denied any mischaracterization, which is a proper response under Rule 36(a)(4).

- **The interrogatory verification is proper.** Both entities are commonly managed and were verified by an authorized corporate representative, the Head of Dispute Management. Rule 33(b)(1) requires an answer by an officer or agent of the corporate party; a single authorized officer may verify on behalf of affiliated corporate parties she is authorized to represent.

- **The objections are specific, not boilerplate.** Spring Oaks' relevance objections identify the precise ground irrelevance and are supported by controlling legal principles, not generic, all-purpose language. *See Mahalingam*, 349 F.R.D. at 143-44.

### IV. Plaintiff's specific requests for relief should be denied.

- *Leave to compel and to file a Rule 36(a)(6) motion (Requests 1, 4).* Because the discovery Plaintiff seeks is irrelevant and disproportionate, there is no basis to set the matter for a compelled conference, to authorize a motion to compel, or to find the admission responses insufficient under Rule 36(a)(6). Nothing should be deemed admitted.

- *Order to withdraw and amend all responses (Request 2).* Spring Oaks' responses are compliant; a wholesale order to withdraw and re-serve them is unwarranted.

- *Separate, entity-specific responses (Request 3).* Rule 33(b)(1) and Rule 34(b)(2)(A) do not require two commonly-owned, jointly-represented affiliates to serve duplicative, separately captioned responses where their responses are the same and are verified by an authorized representative. Plaintiff has also generally referred to both Spring Oaks entities as one – both did not credit report, both do not currently own the account. As Plaintiff has treated them as one, she cannot now claim prejudice.

BASSFORD REMELE

July 29, 2026
Page 4

**V. Conferral.**

On September 25, 2025, Plaintiff sent an email to counsel for Spring Oaks, stating in part:

> Additionally, given the importance of maintaining a clear and accurate record, going forward all communications regarding this case will remain in writing and I remain committed to maintaining a professional tone.

As such, counsel for Spring Oaks agreed and given the contentious nature of Plaintiff's communications, oral communication is simply not feasible. Spring Oaks has engaged with Plaintiff in good faith.

**Conclusion**

For these reasons, Spring Oaks respectfully requests that the Court deny each item of relief sought in Plaintiff's discovery dispute letter. Spring Oaks is available for a conference at the Court's convenience.

We thank the Court for its consideration.

Sincerely,

/s/Michael S. Poncin

Michael S. Poncin

cc:    Tamara Sherman, *Via Email*