United States District Court
Southern District of Texas
**ENTERED**
August 28, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TAMARA SHERMAN, *Plaintiff*, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-CV-03327 |
| | § | |
| SPRING OAKS CAPITAL LLC, | § | |
| ET AL., | § | |
| *Defendants*. | § | |

# ORDER

Plaintiff, proceeding pro se, asserts claims against Defendants for alleged violations of the Fair Credit Reporting Act (FCRA) and the Fair Debt Collection Practices Act (FDCPA). ECF 68-1. Before the Court are multiple motions filed by Plaintiff: (1) Motion for Clarification as to ECF 76 (ECF 93); (2) Motion for Clarification as to ECF 81 and ECF 92 (ECF 94); (3) Motion for Clarification as to ECF 90 (ECF 95); (4) Motion for Reconsideration as to ECF 76 and ECF 90 (ECF 96); (5) Motion for Expedited Consideration (ECF 98); and (6) Motion to Continue Discovery and Modify Scheduling Order (ECF 99). Plaintiff has also filed Objections to ECF 90 (ECF 100).

The Court finds expedited consideration warranted due to impending scheduling order deadlines and therefore Plaintiff's Motion for Expedited Consideration (ECF 98) is GRANTED. For the reasons explained below, Plaintiff's remaining motions are DENIED.

## I. Procedural Background

The current discovery dispute has its genesis in Defendants' Request for Pre-Motion Conference seeking leave to file a Motion for Protective Order limiting Plaintiff's "discovery requests to matters that are relevant to the claims and defenses and proportional to the needs of this case." ECF 69. On June 2, 2026, the Court granted Defendants' motion in part, finding that "Plaintiff's service of 352 requests for admission is patently unreasonable and disproportional to the needs of this type of case" and many of her requests are "not relevant to Plaintiff's claims" and "must be limited in time to the period after she opened the Indigo Mastercard account in 2018." ECF 76. The Court quashed all outstanding discovery requests, limited Plaintiff to 25 requests for admission, and limited interrogatories "to the time frame 2018 to present and to matters related to Plaintiff's account and the reporting and collection activities related to Plaintiff's account." *Id.* The Court limited Plaintiff's requests for production to "the time frame 2018 to present and to materials related to Plaintiff's account and the reporting and collection activities related to Plaintiff's account." *Id.* In addition, the Court extended the discovery and dispositive motion deadlines and ordered Plaintiff to sit for her deposition on August 1, 2026. *Id.*

Plaintiff filed objections to the Court's June 2, 2026 Order accompanied by 227 pages of exhibits. ECF 78. District Judge Nicholas Ganjei reviewed the June 2, 2206 Order, found no part of the order clearly erroneous or contrary to law, and

overruled Plaintiff's objections. ECF 81. Judge Ganjei also referred this case to this Magistrate Judge for pretrial management. ECF 82.

Plaintiff followed Judge Ganjei's Orders with a request for pre-motion conference seeking to compel Defendants to supplement and amend their discovery responses and an extension of scheduling order deadlines. ECF 86. The Court deemed Plaintiff's request to be a Motion to Compel, granted Plaintiff's Motion in part, and ordered each Defendant to serve separate responses and to clearly state whether it was withholding any responsive documents. ECF 90. The Court also extended the discovery deadline to allow for service of amended discovery responses and extended the dispositive motion deadline to October 1, 2026. *Id.* As listed above, Plaintiff's Motions for clarification, reconsideration, and continuance, and further objections, regarding the Orders at ECF 76, 81, 82 and 90, are now before the Court.

## II. Analysis

### A. Plaintiff's Motions for Clarification

Plaintiff's Motions for clarification purport to "seek no modification, reconsideration, vacatur, extension, or other substantive relief." ECF 93 at 1; ECF 94 at 1; ECF 95 at 1. She contends that clarification is needed "so that the meaning and effect of [the Orders] are clearly established on the record and Plaintiff may accurately understand and comply with the Order." *Id.* However, Plaintiff in fact

seeks relief well-beyond clarification of this Court's orders. Essentially, Plaintiff's Motion asks the Court to justify its rulings and expressly cite the "factual and evidentiary record considered" and set forth its reasoning in granular detail. *See, e.g.,* ECF 93 at 3.

The Court's rulings are clear as to the relief both granted and denied and as to the obligations imposed on the parties. Plaintiff has already obtained District Judge review of the June 2, 2026 Order and presents no good cause for further review. Plaintiff's objections to the August 20, 2026 Order (ECF 100) are currently before the District Judge. Plaintiff's Motions demonstrate that she is dissatisfied with this Court's rulings, but do not indicate any actual misunderstanding on her part as to the meaning of the Orders. The Court is under no obligation to issue Orders in the form preferred Plaintiff by "identifying, by paragraph number/relief line-item number." ECF 95 at 3. Therefore, it is

ORDERED that Plaintiff's Motions for Clarification (ECF 93; ECF 94; ECF 95) are DENIED.

**B. Plaintiff's Motion for Reconsideration**

In addition to seeking clarification, Plaintiff has filed a "Motion for Interlocutory Reconsideration of ECF No. 76 and ECF 90 Based on Material New Evidence that the Records it Relied on are False." ECF 96. Generally, reconsideration of an interlocutory order is analyzed under Rule 54(b). *Edwin v.*

*Clean Harbors Env't Servs. Inc*., No. 22-30263, 2023 WL 4046275, at *1 n.1 (5th Cir. June 16, 2023). Rule 54(b) is less stringent than Rule 59(e) and permits a Court to revise a "decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger s Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (citations omitted).

The "new evidence" cited by Plaintiff consists of discovery responses served by Defendants which Plaintiff contends prove that Defendants "engineered" their objections to her discovery requests to "shut down Plaintiff's ability to conduct proper discovery." ECF 96 at 5. According to Plaintiff, Ms. Dang falsely represented to the Court that the requests imposed an undue burden, while at the same time counsel Mr. Poncin was working to prepare "complete substantive responses to that very discovery." *Id.* at 6. Yet, Plaintiff concedes that she "now possesses the complete substantive responses to all Requests for Admission, and both sets of Interrogatories and Requests for Production that were the subject of Defendants' request for protective relief." *Id.* at 6-7. Plaintiff's motion warns the Court that if unless her motion is granted, "**rather than correct the mess your own orders created, the record will be equally clear, and this case may proceed on a free and unobstructed path toward becoming the fifth Southern District of Texas discovery-restriction and abuse of discretion case requiring correction**

**by the Fifth Circuit.**" *Id*. at 16 (emphasis in original). Despite Plaintiff's warning, the Court finds no sufficient basis to reconsider ECF 76 or ECF 90. It is therefore

ORDERED that Plaintiff's Motion for Interlocutory Reconsideration (ECF 96) is DENIED.

**C. Plaintiff's Motion for Continuance**

Plaintiff asks the Court to continue the current September 4, 2026 discovery deadline for 60 days and the October 1, 2026 dispositive motion deadline for 30 days due to the pending motions and so that she will have time to conduct follow-up discovery after receiving the amended responses Defendants were ordered to produce by September 2, 2026. ECF 99.

Plaintiff has confirmed that she received complete "discovery-response packets from Defendants" on August 6, 2020. ECF 99 at 4. Based on the Court's rulings in this Order and Defendants' September 2, 2026 deadline for amended responses, discovery in this case will be complete by the September 4, 2026 deadline. There is no reason the parties cannot meet the October 1, 2026 dispositive motion deadline. If necessary, the Court will set a Joint Pre-Trial Order deadline and a Docket Call after ruling on dispositive motions. It is therefore

ORDERED that "Plaintiff's Motion to Continue Discovery and Modify Scheduling Order and Dispositive-Motion Deadlines" (ECF 99) is DENIED.

Signed on August 28, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge